### THE PEOPLE *against* BERNER, BORST, AND OTHERS.

THIS was an action of debt on a bond executed by the defendants, to the people of the state of *New-York*, dated the 8th of *June*, 1808, in the penal sum of 24,936 dollars, and conditioned that *Hermanus Bouck*, and *Jeremiah Brown*, two of the defendants, should well and truly perform the office and duty of commissioners for loaning money for the county of *Schoharie*. The breach assigned was, that, on the 1st of *June*, 1814, the

The negligence of the creditor in calling upon the principal, does not exonerate the surety, unless he has been damnified by such negligence.

In an action against the sureties of the commissioners, for loaning money of the county of S., for the default of their principals in not paying over money which they had received for interest, it was held, that the sureties were not exonerated by the negligence of the comptroller in not calling upon their principals after numerous defaults, unless an injury resulted to them from his negligence.

defendants, *Bouck & Brown*, had in their hands 3,119 dollars and 33 cents, which they had received for interest, and which they had neglected and refused to pay over to the plaintiffs. The defendants, *Berner & Borst*, pleaded, 1. *Non est factum.* 2. That *Bouck & Brown* had not received the above-mentioned sum, and that they had paid into the treasury all the moneys which had come to their hands, for interest, according to the directions of the act. The issues joined between the plaintiffs and the defendants, *Berner & Borst*, were tried before Mr. J. *Yates*, at the *Albany* circuit, in *October*, 1815.

It was proved, that, on the 1st of *July*, 1814, there was a balance due to the state for interest, received by the defendants, *Bouck & Brown*, of 3,119 dollars. No suit, other than the present, had been commenced for default of the first, or of any subsequent payments, nor had any notice been given by the comptroller to the sureties of any such defaults. A verdict was taken for the plaintiffs for the above-mentioned sum, with interest, subject to the opinion of the court on the above case, which was submitted to the court without argument.

*Per Curiam.* The defence set up by the defendants, *Berner & Borst*, cannot prevail. The principles adopted by this court, in the case of *The People* v. *Jansen*, (7 *Johns. Rep.* 332.,) do not apply here. Although there may have been, negligence on the part of the public officers, in omitting to call these commissioners to account sooner, that omission, from any thing that appears, has not, in any manner, prejudiced the security. There must not only be negligence on the part of the creditor, but an injury resulting therefrom to the security in order to exonerate them. It does not appear that the commissioners are insolvent, or unable completely to indemnify, and save harmless, their security. Independently of this circumstance, however, the situation of these commissioners is not analogous to that of loan officers. There is no board whose duty it is annually to inspect, and pass their accounts. The general duties of the commissioners, and of the comptroller, are pointed out. But it is not made the duty of the comptroller to report to the governor, or any other person, the deficiency of the commissioners. The judgment must, accordingly, be entered for the plaintiffs.

Judgment for the plaintiffs.