By the Court.—Curtis, J.
The three defendants *44 jointly and severally executed a bond, conditioned that one of their number, William E. Barnes, would faithfully perform certain duties and certain trusts, and account for all moneys belonging to the plaintiffs coming into his hands.
Two of the defendants answer claiming that they are discharged from liability, because on an occasion previous to the one in question, Barnes was indebted and in default to the plaintiffs in the sum of fifteen dollars and ninety-two cents, of which they were not notified at the time, though plaintiff knew about it, and Barnes was kept in plaintiff’s employment. The facts thus alleged by the answer are admitted. Ho other evidence was introduced at the trial.
The difficulties of sustaining the defense are, that it is not shown that this indebtedness of Barnes for fifteen dollars and ninety-two cents prejudiced or injured in any way the other two defendants, or that Barnes is not able and ready to indemnify and save them harmless, and further that there is no provision in the bond that any notice of default should be given them, and that it was their duty if they wished to protect themselves, either to have required this, or else to have looked into Barnes’s accounts, and found the extent of his defaults, and required the plaintiff to prosecute, when they would have had a defense in equity.
It does not appear that Barnes was guilty of a fraud in owing the plaintiff the fifteen dollars and ninety-two-cents. They knew of it, and for aught that appears, there were proper reasons why he should have retained that sum. If every omission, or negligence, or failure of duty, however trivial, on the part of the person for whose conduct sureties have become responsible, is to operate to exonerate them from future liability unless they are forthwith notified, or the employee discharged,, then very little protection would result from that form of security. A collusion between two employees^ as *45 for example, the cashier and the collecting clerk of a corporation, would defeat all recourse by the defrauded stockholders against the sureties of these officers.
Bat whatever may have been the earlier decisions in this State, the law in respect to the liabilities of sureties appears to be settled. In The People v. Berner, 13 John. 383, it was held that negligence in not calling upon their principals, after numerous defaults, did not exonerate them unless an injury resulted from the negligence. In The Albany. Dutch Church v. Vedder (14 Wend. 169, 171), the plaintiffs neglected to call their treasurer to account for seven years after his defaults from year to year, until he became insolvent, when by their own by-law he was bound to render his account every six months, and it was held, that, whatever may have been the moral duty of the plaintiffs to have called their officer to account, “ it was the legal duty of the defendants, the. sureties, to have examined into the state of the accounts of the person for whose correctness they had become responsible,” and that the facts pleaded constituted no defense in law.
This case appears to have been carefully considered, the previous adjudications were to some extent reviewed, and there seems to have been no decision since, that changes or affects the obligations of sureties, by reason of any of the matters shown in the present action.
If these views are correct, the exceptions should be overruled, and the plaintiff should have judgment on the verdict, with costs.
Speir, J., concurred.